# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PORTER, | CASE NO. 1:10-CV-01500-DLB PC |
|         Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
|    v. | (DOC. 12) |
| CHERYLEE WEGMAN, et al., | |
|         Defendants. | |

### Screening Order

**I.  Background**

Plaintiff Brian Porter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Plaintiff initiated this action by filing his complaint on August 19, 2010. Doc. 1. On April 22, 2011, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend. Doc.11. On June 3, 2011, Plaintiff filed his first amended complaint. Doc. 12.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of Amended Complaint

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Cherylee Wegman, Community Resource/Partnership Manager of KVSP.

Plaintiff alleges the following. Plaintiff is a practicing member of the House of Yahweh religion. Am Compl. ¶ 5. Plaintiff is required to keep all Sabbath days holy, and thus eat only kosher foods. *Id.* Plaintiff is also required to observe all holy days, including observing for 8 days the Passover and Feast of Unleavened Bread. *Id.* Plaintiff cannot eat food that contains or has come in contact with leaven/yeast during this time. *Id.* ¶ 7. In 2008, Plaintiff applied to receive Kosher meals and was approved by Jewish Chaplain Mehlman and Defendant Wegman. *Id.* ¶ 9. On November 21, 2008, Defendant Wegman circulated a memo to several KVSP staff, including chaplain Mehlman, which stated that the House of Yahweh was a religious hate group. *Id.* ¶ 10.

The Jewish Kosher diet program ("JKDP") provides meals that adhere te the requirements for Yahweh's Passover Feast of Unleavened Bread, also known as Passover. *Id.* ¶ 11. In February 10, 2009, Plaintiff and other House of Yahweh inmates in KVSP submitted a religious event package for April 10 through April 17 of 2009, in order to receive reasonable

2

accommodations for this religious observance. *Id.* The event package included information of the required ceremonial foods for each meal and day of the religious feast, and the laws governing it. *Id.* ¶ 12. Plaintiff did not receive any communication regarding this feast. *Id.*

On April 7, 2009,[1] Plaintiff received a religious diet card for a vegetarian diet, signed and authorized by Defendant Wegman. *Id.* ¶ 14. Authorization for diet cards requires approval by a chaplain. Plaintiff did not request a vegetarian diet, but to be placed on the JKDP. *Id.* Plaintiff was not interviewed by Defendant Wegman prior to his placement on the vegetarian diet. *Id.* The vegetarian diet does not meet Plaintiff's religious dietary needs. *Id.* ¶ 15. Plaintiff is required to eat the meat of the Passover sacrifice, and unleavened bread on Passover night. *Id.* Plaintiff is required to eat meats that have not been heated during the Sabbath, and is required to eat Kosher foods, including the vegetables. *Id.* The vegetarian diet does not meet any of these religious requirements. *Id.*

On April 10, 2009, at sunset, the religious holiday of Yahweh's Passover and Feast of Unleavened Bread began, lasting until sunset of April 17, 2009. *Id.* ¶ 16. Plaintiff was not provided Kosher meals until April 15. *Id.* Plaintiff was aware of the prison's policy that forfeiture of meals may result in disciplinary action, and that taking regular meals may forfeit receiving religious meals. *Id.* Plaintiff thus took the regular meals but did not eat them, thus starving for several days. *Id.*

Defendant Wegman contacted Plaintiff on April 15, 2009. *Id.* ¶ 18. Plaintiff's parents had called the institution concerning Plaintiff being starved. *Id.* Plaintiff informed Defendant of his religious dietary requirements for the religious feast. *Id.* Defendant Wegman admitted that his rights were being violated. *Id.* The religious event package had apparently been misplaced. *Id.* Defendant Wegman blamed the lack of communication on her workload. *Id.* Defendant Wegman promised to get Plaintiff proper food that adhered to Plaintiff's religious mandates. *Id.*

Plaintiff then received one adequate meal the evenings of April 15 and April 16. *Id.* ¶¶ 19-20. On April 17, 2009, Plaintiff participated in a special event in the Facility B chapel. *Id.* ¶

---

[1] Plaintiff lists 2010 as the year in his amended complaint. This appears to be error.

21. In the Facility B Chapel, food was provided pursuant to the Religious Event Package prepared by Defendant Wegman. *Id.* The food provided was not Kosher according to the requirements drafted in the religious event package. *Id.* No House of Yahweh members knew whether the meal had been properly prepared, no unleavened bread was provided, and the meal came heated. *Id.* Culinary and custody staff brought the food at approximately 6:30 p.m. while House of Yahweh members were conducting service. *Id.* ¶ 22. The service of the religious event was interrupted by custody and culinary staff. *Id.* No House of Yahweh inmate was willing to eat the food because no inmate could ensure that the food was religiously permissible to eat. *Id.* Staff demanded that the service be halted and the inmates begin eating. *Id.* When the House of Yahweh inmates refused, custody staff then ended the religious event. *Id.* After sunset, several inmates were able to negotiate with custody staff to receive the food, as the religious event ended and the food restrictions were no longer required. *Id.* ¶ 23. Plaintiff also ate after sunset. *Id.*

Plaintiff and other House of Yahweh inmates filed inmate grievances regarding this incident. *Id.* ¶ 24. Defendant Wegman responded to the grievances by stating that because House of Yahweh inmates are not Jews, they cannot receive the Jewish Passover celebration described in Title 15 of the California Code of Regulations. *Id.*

Plaintiff encountered the same difficulties the following years. Plaintiff would request a reasonable accommodation to observe Yahweh's Passover Feast of Unleavened Bread, and Defendant Wegman would create her own version, limiting it to a one day, one meal event. *Id.* ¶ 25. When Plaintiff filed an inmate grievance, Plaintiff would be denied because he is not a Jew. *Id.* ¶¶ 26-27. Plaintiff contends that Native Americans and Muslims are provided reasonable accommodations for their religious practices. *Id.* ¶¶ 30-31.

Plaintiff alleges a violation of the Free Exercise Clause of the First Amendment, violation of the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment, and violation of RLUIPA. Plaintiff requests declaratory relief, compensatory and punitive damages, preliminary and permanent injunction enjoining Defendants from inhibiting Plaintiff's ability to celebrate Yahweh's Passover and Feast of Unleavened Bread and to receiving Kosher meals, appointment of counsel, and costs of suit.

### III. Analysis

#### A. First Amendment - Free Exercise

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Only beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)). Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." *Id.* A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." *Id.* at 90 (internal quotations and citation omitted). A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.* "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

Plaintiff sufficiently alleges a violation of the Free Exercise Clause for Defendant Wegman's actions regarding Plaintiff's religious observance of Yahweh's Passover Feast of Unleavened Bread and for removing Plaintiff from the Jewish Kosher Diet Program.

#### B. Fourteenth Amendment - Equal Protection

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" *Shakur*, 514 F.3d at 891 (quoting

*Cruz v. Beto*, 405 U.S. 319, 321-22 (1972) (per curiam)).  To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups.  *Cruz*, 405 U.S. at 321-22; *Shakur*, 514 F.3d at 891; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part on other grounds*, *Shakur*, 514 F.3d at 884-85.

Plaintiff sufficiently alleges a violation of the Equal Protection Clause for Defendant Wegman's actions regarding Plaintiff's religious observance of Yahweh's Passover Feast of Unleavened Bread and for removing Plaintiff from the Jewish Kosher Diet Program.

### C.   **Fourteenth Amendment - Due Process**

Plaintiff alleges a violation of the Due Process Clause of the Fourteenth Amendment.  The Ninth Circuit has found that

> [t]o establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.  Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims.

*Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted); *see County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).  In this case, the First Amendment and the Equal Protection Clause of the Fourteenth Amendment "provides [the] explicit textual source of constitutional protection . . . ."  *Patel*, 103 F.3d at 874.  Therefore, the First Amendment and the Equal Protection Clause rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's constitutional claims.

### D.   **RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–

///

>     (1) is in furtherance of a compelling government interest; and
>     (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.  RLUIPA "mandates a stricter standard of review for prison regulations that burden the free exercise of religion than the reasonableness standard under *Turner*." *Shakur v. Schriro*, 514 F.3d 878, 888 (9th Cir. 2008) (citing *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005)). The Supreme Court has noted "RLUIPA . . . protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005).  RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004).

Plaintiff states a cognizable RLUIPA claim against Defendant Wegman for her actions regarding Plaintiff's religious observance of Yahweh's Passover Feast of Unleavened Bread and for removing Plaintiff from the Jewish Kosher Diet Program.

## IV. Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed against Defendant Cherylee Wegman for violation of the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000; and

2. Plaintiff's claim for violation of due process is dismissed.

IT IS SO ORDERED.

Dated:   **September 23, 2011**          /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE