# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ELLIS PORTER,<br><br>    Plaintiff,<br><br>   v.<br><br>CHERYLEE WEGMAN, et al.,<br><br>    Defendants. | Case No. 1:10-cv-01500-LJO-DLB PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 41)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT (ECF No. 47)** |

    Plaintiff Brian Ellis Porter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Cherylee Wegman for violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). On April 11, 2012, Plaintiff filed a motion requesting leave to amend his complaint on two grounds. ECF No. 41. On August 9, 2012, Plaintiff filed a motion for extension of time to file an amended complaint. ECF No. 47.

    Plaintiff first requests leave to amend as to his requests for relief. Plaintiff had requested compensatory and punitive damages against Defendant Wegman in both her individual and official capacities. Plaintiff contends that he intended to sue Defendant Wegman in her individual capacity with regards to damages. Where the plaintiff is seeking damages against a state official, a strong presumption is created in favor of a personal-capacity suit because an official-capacity suit for

1  damages would be barred. *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999). Thus, Plaintiff's
2  motion to amend as to his request for relief is denied as unnecessary.

3      Plaintiff next requests that he be allowed to amend his complaint to add a claim that
4  Defendant Wegman violated the Establishment Clause of the First Amendment. Leave to amend
5  should be freely given as justice requires. Fed. R. Civ. P. 15(a). Thus, the Court will grant Plaintiff
6  leave to file a second amended complaint. The Court will screen the second amended complaint
7  prior to requiring Defendant to answer.

8      The Court is required to screen complaints brought by prisoners seeking relief against a
9  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
10 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
11 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
12 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
13 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
14 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
15 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

16     A complaint must contain "a short and plain statement of the claim showing that the pleader
17 is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
19 do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550
20 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
21 claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual
22 allegations are accepted as true, legal conclusions are not. *Id.*

23     Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
24 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
25 *see Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient]
26 to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

27     Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,
28 *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Plaintiff has also requested an extension of time to file his amended complaint because of extensive lockdowns that have occurred at Kern Valley State Prison, where Plaintiff is currently incarcerated.  Plaintiff has presented good cause.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend his complaint, filed April 11, 2012, is granted;
2. Plaintiff's motion for extension of time to file his second amended complaint, filed August 9, 2012, is granted;
3. Plaintiff is granted thirty (30) days from the date of service of this order in which to file his second amended complaint;
4. Failure to timely file a second amended complaint will result in waiver of Plaintiff's opportunity to amend his complaint.

IT IS SO ORDERED.

Dated:  **August 27, 2012**          /s/ *Dennis L. Beck*
                              UNITED STATES MAGISTRATE JUDGE