UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ELLIS PORTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO.   1:11-cv-02106-MJS (PC)<br><br>ORDER CONSOLIDATING CIVIL CASE NO. 1:11-cv-02106-MJS WITH RELATED AND PREVIOUSLY FILED CIVIL CASE NO. 1:10-cv-01500-LJO-DLB<br><br>(ECF No. 1) |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

On December 21, 2011, Plaintiff Brian Ellis Porter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 4.) Plaintiff's Complaint is now before the Court for screening.

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF COMPLAINT

The Complaint names the following individuals as Defendants: (1) Matthew Cate, Secretary, California Department of Corrections and Rehabilitation (CDCR); (2) M.D. Biter, Warden, Kern Valley State Prison (KVSP); (3) S. Lopez, Chief Medical Officer, KVSP; (4) Cherylee Wegman, Community Resource Manager, KVSP; (5) J. Castro, Associate Warden, KVSP; (6) E. Lunsford, Registered Nurse, KVSP; (7) Grewal, Licensed Vocational Nurse, KVSP; and (8) John Does 1-100.

2

Plaintiff alleges the following:

Plaintiff is a practicing member of The House of Yahweh (HOY), a religion that observes tenets found in the first five books of the bible. Plaintiff's beliefs require, among other things, that he consume a kosher diet and observe holy feast days such as Yahweh's Passover Feast of Unleavened Bread. (Compl. at 6.) In 2008 Plaintiff applied to participate in the kosher meal program at KVSP. The Jewish Chaplain determined that the dietary strictures of HOY would be satisfied with a kosher diet and approved Plaintiff's request. (Id. at 8.) Plaintiff did not receive kosher meals; he reapplied in 2009 and received no response. (Id. at 9.)

In January 2010, Plaintiff and fellow HOY parishioners formally requested reasonable accommodation for the HOY Passover that was to take place on March 30 through April 6, 2010. (Id. at 9, 10.) KVSP accommodated the Jewish Passover and the kosher meal program would have satisfied the requirements of the HOY Passover. (Id. at 9.) Defendant Wegman signed an authorization for Plaintiff to receive a vegetarian diet. (Id. at 10.) A vegetarian diet is not sufficient for various reasons. For example, Plaintiff's faith requires that he eat particular meat on the first night of HOY Passover. (Id. at 11.) Plaintiff received no further response regarding his request for accommodation. (Id. at 11, 12.)

On March 30, 2010, Plaintiff was summoned to the chapel at 9:00AM rather than sunset, as requested. A meal was served and Plaintiff refused it as the food did not satisfy the HOY Passover requirements. The formal request submitted in January 2010 clearly delineated the dietary requirements for HOY Passover. Defendant Wegman had provided Plaintiff with compliant meals for the last three days of the Passover in 2009 after

3

complaints were made on Plaintiff's behalf.  (Id. at 12.)  Plaintiff was denied a religious meal each day of Passover and did not take regular meals.

Each day Plaintiff told custody and medical staff that he was not being provided with food he could eat.  Unspecified KVSP staff members recorded the fact that Plaintiff was not eating, but provided no immediate medical care.  (Id. at 13.)  On April 6, 2010, personnel were notified that Plaintiff had passed out in his cell, but they took no action.  Plaintiff passed out a second time that day and this time struck his head.  Plaintiff was discovered unconscious and was taken to the medical clinic.  Defendant Grewal authored a medical care request on Plaintiff's behalf and checked his blood pressure. Grewal "said that there was nothing more she could do because there was no RN or doctor available." (Id. at 14, 15.)  Defendant Grewal instructed Plaintiff to return to his cell when he had regained his strength.  During subsequent regularly scheduled health care visits Plaintiff complained to medical personnel of symptoms related to his head injury.  No treatment was provided for months.  (Id. at 15.)  In contrast, during a similar deprivation of acceptable food through the 2011 Passover, Plaintiff's health was monitored daily and he was provided nutritional supplements.  (Id. at 16.)

Defendant Wegman was responsible for providing religious accommodation at KVSP.  She determined that a kosher diet and allowances for Passover are reserved for members of the Jewish faith and that, as a member of HOY, Plaintiff did not qualify.  Plaintiff filed an inmate appeal regarding the aforementioned events. Wegman maintained in her response that Plaintiff received reasonable accommodation.  (Id. at 26.)  Wegman provides the Jewish and Muslim congregations at KVSP the accommodations necessary to practice multi-day religious ceremonies with religious meals.  (Id. at 27.)

Defendant Castro reviewed Plaintiff's appeal and Wegman's response. Castro denied Plaintiff's appeal at the second level. (Id. at 24.) Defendant Biter also affirmed the denial of Plaintiff's appeals. (Id. at 20.) Biter maintained a policy at KVSP reserving kosher meals and Passover accommodation for members of the Jewish faith only. (Id. at 22.) Plaintiff sent Defendants Biter and Cate letters that went unanswered complaining of his mistreatment. (Id. at 21.) Defendant Cate reviewed and denied Plaintiff's appeal at the director's level. (Id. at 17, 18.)

Defendants Lunsford and Grewal denied Plaintiff treatment for his head injury in deliberate indifference to the serious medical need. Does 1-100 exhibited deliberate indifference to Plaintiff's serious medical need by failing to treat Plaintiff as he went without food during Passover. Defendant Biter promulgated a policy that a prisoner must verbally declare "Hunger Strike" before medical staff may respond to an inmate refusing food. (Id. at 22.) Defendant Lopez, as Chief Medical Officer, acted with deliberate indifference by failing to train or supervise her subordinates on the medical staff. (Id. at 28.) Defendant Biter also failed to properly supervise the medical staff and ensure that Plaintiff was receiving adequate medical care. (Id. at 21, 22.)

Plaintiff asserts violations of his First, Eighth, and Fourteenth Amendment rights as well as various rights codified in statutes proscribing either burdening religious exercise in certain circumstances[1] or discrimination in federally funded programs.[2]

---

[1] 42 U.S.C. § 2000cc-1.

[2] 42 U.S.C. § 3789d(c)(1), 2000d.

5

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Consolidation

On August 19, 2010, Plaintiff initiated a civil rights action, Porter v. Wegman, et al., No. 1:10-cv-01500-LJO-DLB, claiming violations similar to those raised in the instant complaint. The crux of Plaintiff's claims in both cases is denial of kosher meals and reasonable accommodation for HOY Passover. Plaintiff also alleged infringement of his Eighth Amendment rights and certain statutory rights in both cases. The former action

address alleged deprivations during Passover in 2009 and 2011, while the instant complaint complains of treatment in 2010. Both cases make reference to violations allegedly suffered during Passover in 2009, 2010, and 2011, and the ongoing denial of Plaintiff's request to receive kosher meals. Plaintiff characterizes the deprivation allegedly suffered each year as the same. (Wegman, ECF No. 12 at 13.)

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989). Plaintiff's claims in the above-captioned action fall in the middle of a series of similar, if not identical, alleged violations of Plaintiff's rights. Plaintiff advances either identical or substantially similar causes of action in each case. The Court foresees little risk in causing delay, confusion, or prejudice. Plaintiff is far more likely to be afforded timely relief through consolidation. The two actions involve common questions of law and fact and therefore warrant consolidation. Pierce v. County of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008).

## V. CONCLUSION AND ORDER

For the reasons stated above, the Court hereby orders that this case be **CONSOLIDATED** with case Porter v. Wegman, et al., No. 1:10-cv-01500-LJO-DLB. The

Clerk of Court is to file a copy of this Order in **both** the above-captioned docket and the docket in <u>Porter v. Wegman, et al.</u>, No. 1:10-cv-01500-LJO-DLB in order to notify all parties of the consolidation. The Clerk shall administratively close this case. All future filings shall be in action number 1:10-cv-01500-LJO-DLB.

IT IS SO ORDERED.

Dated:  September 25, 2012           /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE