1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 EASTERN DISTRICT OF CALIFORNIA

7

8  BRIAN ELLIS PORTER,                          Case No. 1:10-cv-01500-LJO-DLB PC

9                Plaintiff,                      **ORDER REQUIRING PLAINTIFF TO
                                                 FILE THIRD AMENDED COMPLAINT**
10      v.
                                                 COMPLAINT DUE WITHIN THIRTY DAYS
11  CHERYLEE WEGMAN, et al.,
                                                 **ORDER DENYING PARTIES' MOTIONS
12                Defendants.                     AS MOOT** (ECF Nos. 51, 53, 55, 56, 58)

13                                               **ORDER VACATING IN PART
                                                 DISCOVERY AND SCHEDULING ORDER**
14                                               (ECF No. 29)

15

16        Plaintiff Brian Ellis Porter ("Plaintiff") is a prisoner in the custody of the California

17  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

    forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding against
18
    Defendant Cherylee Wegman for violation of the Free Exercise Clause of the First Amendment and the
19
    Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").
20
    **I.    Consolidation**
21
          On September 25, 2012, United States Magistrate Judge Michael J. Seng issued an order
22
    consolidating civil action *Porter v. Cate, et al.*, Case No. 1:11-cv-02106-MJS, with this action.  A
23
    review of the complaint filed in *Porter v. Cate* indicates that it was proper to consolidate *Porter v.*
24
    *Cate* with the instant action.  As found by Judge Seng,
25
          The crux of Plaintiff's claims in both cases is denial of kosher meals and reasonable
26        accommodation for [House of Yahweh] Passover. Plaintiff also alleged infringement
          of his Eighth Amendment rights and certain statutory rights in both cases. [The
27        instant action] alleged deprivations during Passover in 2009 and 2011, while [*Porter
          v. Cate, et al.*] complains of treatment in 2010. Both cases make reference to
28        violations allegedly suffered during Passover in 2009, 2010, and 2011, and the
          ongoing denial of Plaintiff's request to receive kosher meals. Plaintiff characterizes

1

the deprivation allegedly suffered each year as the same.

Order, filed Sept. 26, 2012, ECF No. 54.  Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation was proper because both actions involve a common question of law and fact.

Pursuant to Local Rule 220,

> every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

The purpose of Local Rule 220 is that the operative pleadings are to be in one document.  Because *Porter v. Cate, et al.*, was consolidated with this action, the Court treats the pleadings in that action as supplemental pleadings to this action.  Accordingly, Plaintiff will be required to file an amended complaint which includes all pleadings which Plaintiff wishes to proceed with in this action.

Because the Court will grant Plaintiff leave to file a third amended complaint incorporating the pleadings from both actions, Defendant's motion to dismiss Plaintiff's second amended complaint, ECF No. 51, Plaintiff's motion to strike his second amended complaint, ECF No. 53, and Plaintiff's motion for extension of time to file an opposition to Defendant's motion, ECF No. 55, will all be denied as moot.

**II.    Discovery and Scheduling Order**

On October 11, 2012, Defendant filed a motion to vacate the current scheduling order and set a status conference.  ECF No. 56.  On October 15, 2012, Plaintiff filed a motion for extension of time to complete discovery.  ECF No. 58.  Because the Court will grant Plaintiff leave to file a third amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A(a) and § 1915(e)(2)(B).  Defendants will not be required to file a responsive pleading until after the third amended complaint has been screened.

The Court will vacate the current discovery and scheduling order as to the discovery cutoff date and dispositive motion deadline.  A new discovery and scheduling order will be issued once the responsive pleading is filed, setting new deadlines for the discovery cutoff date and dispositive motion deadline.  Thus, Plaintiff and Defendant's motions will be denied as moot.

2

### III.     Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk of the Court is directed to send Plaintiff a complaint form;

2.     Plaintiff is granted leave to file a third amended complaint within **thirty (30) days** from the date of service of this order, as stated herein;

3.     If Plaintiff fails to file a third amended complaint, the Court may construe such failure as waiver of the opportunity to supplement his pleadings;

4.     Defendant's motion to dismiss, filed September 12, 2012, Plaintiff's motion to strike his second amended complaint, filed September 24, 2012, Plaintiff's motion for extension of time to file opposition to Defendant's motion, filed October 1, 2012, Defendant's motion to vacate the scheduling order, filed October 11, 2012, and Plaintiff's motion for extension of time to complete discovery, filed October 15, 2012, are denied as moot; and

5.     The Court's Discovery and Scheduling Order, issued February 2, 2012, is vacated in part as to the discovery cutoff date and dispositive motion deadline.

IT IS SO ORDERED.

Dated:   **October 17, 2012**                                   /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE