UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ELLIS PORTER, | Case No.: 1:10cv01500 LJO DLB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| CHERYLEE WEGMAN, et al., | (Document 64) |
| Defendants. | |

Plaintiff Brian Ellis Porter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. On September 25, 2012, this case was consolidated with Porter v. Wegman, et al., Case No. 1:11-cv-02106-MJS (E.D. Cal.). On October 18, 2012, the Court ordered Plaintiff to file a Third Amended Complaint, incorporating all the pleadings in both actions. On December 17, 2012, Plaintiff filed his Third Amended Complaint ("TAC").[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 13, 2013, the Magistrate Judge issued Findings and Recommendations that certain claims and Defendants be dismissed for failure to state a claim for which relief may be granted. Specifically, the Court recommended that the action proceed against (1) Defendants Wegman, Castro,

---

[1] The Court's docket indicates that this document was labeled as the Second Amended Complaint. However, a previous Second Amended Complaint was filed on September 4, 2012. To avoid confusion, the Court will refer to the Amended Complaint filed on December 17, 2012, as Plaintiff's Third Amended Complaint.

1

and Biter for violation of the Free Exercise Clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), and the Equal Protection Clause of the Fourteenth Amendment; and (2) Defendant Grewal for deliberate indifference to a serious medical need in violation of the Eighth Amendment. The Court recommended that all other claims and Defendants be dismissed.

The Findings and Recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days. After receiving an extension of time, Plaintiff filed objections on June 20, 2013. Defendant Wegman[2] filed a reply on July 3, 2013.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections and Defendant's reply, the Court finds that the Findings and Recommendations are supported by the record and proper analysis.

1. Defendant Cate

The Magistrate Judge found that although Plaintiff attempted to establish liability against CDCR Director Defendant Cate, he failed to allege facts to demonstrate supervisory liability. Plaintiff alleged that Defendant Cate, as the final decision-maker for the Director's Level, was responsible for the acts complained of. However, a review of Plaintiff's exhibits revealed that Defendant Cate did not actually adjudicate any of Plaintiff's inmate appeals, and Plaintiff was thus unable to show that he either personally participated in the alleged deprivation, or knew of the issues and failed to prevent them. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)

In his objections, Plaintiff contends that Defendant Cate is liable based on California Code of Regulations, Title 15, sections 3001 and 3084.7(d)(3), which hold the CDCR Secretary responsible for rules and regulations governing CDCR and state that the third-level review constitutes the decision of the Secretary. However, liability based on these regulations would be based *solely* on Defendant Cate's supervisory status, and such liability is improper in section 1983 actions. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). Plaintiff's citations to these regulations does not change the fact that

---

[2] Currently, Defendant Wegman is the only Defendant for which service has been ordered.

Defendant Cate did not participate in the alleged deprivations, or know of the deprivations and fail to prevent them.

Plaintiff's contention that Defendant Cate had first-hand knowledge of the alleged deprivations based on "several means of communication by Plaintiff, as well as other House of Yahweh inmates, which includes appeals, formal and informal complaints, and letters," also fails.  Obj. 3.  A review of these exhibits, which Plaintiff attached to his objections, does not support a finding that Defendant Cate knew of the issues and failed to prevent them.  The documents were not addressed to Defendant Cate, nor do they give any indication that Defendant Cate was aware of them.  Although Plaintiff states that he sent copies to Defendant Cate, this does not support a presumption of knowledge.  Pursuant to Iqbal, Plaintiff must affirmatively allege that Defendant Cate received the letter and knew of its contents.

The Magistrate Judge's findings regarding Defendant Cate are supported by the record and correct legal analysis.

2. <u>Defendants Lunsford, Chief Medical Officer Lopez and Does 1-100</u>

Plaintiff failed to allege any facts demonstrating that Defendants Lunsford, Lopez or Does 1-100 knew of, and disregarded, a serious risk of harm to his health.  The Magistrate Judge therefore found that he failed to state an Eighth Amendment deliberate indifference claim against them.

In his objections, Plaintiff cites the paragraph in his TAC that alleges he "alerted both custody, and medical staff to the fact that Plaintiff was not eating as KVSP was not providing his necessary religious meals."  TAC ¶ 41.  He further alleges that "only after Plaintiff's physical appearance showed signs of starvation did medical staff begin to tell Plaintiff that they would have Plaintiff called to the clinic to see the physician that day…"  TAC ¶ 42.  After Plaintiff passed out, his cellmate "alerted both custody, and medical staff that Plaintiff passed out."  TAC ¶ 43.

Such statements, however, do not demonstrate personal involvement on the part of Defendants Lunsford, Lopez or Does 1-100.  Plaintiff's TAC contains no specific factual allegations against these Defendants, and therefore the Magistrate Judge's findings were supported by the record and correct legal analysis.

3.     42 U.S.C. § 2000d

The Magistrate Judge found that Plaintiff had not alleged any discrimination on the basis of race, color or national origin, and therefore could not state a claim under section 2000d. In his objections, he cites Defendant Wegman's reference to Plaintiff as "being a 'Hebrew Israylite [sic] from the House of Yahweh'" in her denial of Plaintiff's Passover meal requests. Obj. 6. He states that this involves both his religion (House of Yahweh) and race ("Hebrew Israylite"). While the Court recognizes that in some circumstances, there may be an overlap between religion and race/national origin, Plaintiff has not provided any authority to support his position that "Hebrew Israylite" is a race for purposes of section 2000d.

4.     42 U.S.C. § 3789d(c)(1)

Finally, the Magistrate Judge concluded that Plaintiff could not state a claim under section 3789(c)(1) because he failed to allege that CDCR receives federal funding from the Office of Justice Programs, and that he exhausted his administrative remedies.

In his objections, Plaintiff states that he alleged that CDCR receives "federal financial funding," as well as exhaustion, in the TAC. However, the cited paragraphs only allege that Plaintiff exhausted his administrative remedies through the prison grievance system. TAC, ¶¶ 53-58. He makes no allegation that he exhausted with the Office of Justice Programs or any other administrative enforcement agency. Sims v. Montgomery Cnty. Comm'n, 873 F. Supp. 585, 608 (M.D. Ala.1994) (citing 42 U.S.C. § 3789d(c)(4)(A)).

The Magistrate Judge's analysis on this issue is supported by the record and correct legal analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.     The Findings and Recommendations, filed May 13, 2013, are ADOPTED in full;

2.     This action proceed against (A) Defendants Wegman, Castro, and Biter for violation of the Free Exercise Clause of the First Amendment, RLUIPA and the Equal Protection Clause of the Fourteenth Amendment; and (B) Defendant Grewal for deliberate indifference to a serious medical need in violation of the Eighth Amendment; and

3. All other claims and Defendants are dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: __**July 18, 2013**__                             __/s/ Lawrence J. O'Neill__
                                                                    UNITED STATES DISTRICT JUDGE