# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRIAN ELLIS PORTER,

     Plaintiff,

vs.

WEGMAN, et al.,

     Defendants.

) 1:10cv01500 LJO DLB PC
)
)
) FINDINGS AND RECOMMENDATIONS
) REGARDING PLAINTIFF'S MOTION FOR
) TEMPORARY RESTRAINING ORDER
)
) (Document 7)
)
)

Plaintiff Brian Ellis Porter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. On September 25, 2012, this case was consolidated with <u>Porter v. Wegman, et al.</u>, Case No. 1:11-cv-02106-MJS (E.D. Cal.). On October 18, 2012, the Court ordered Plaintiff to file a Third Amended Complaint, incorporating all the pleadings in both actions. On December 17, 2012, Plaintiff filed his Third Amended Complaint.[1] Pursuant to the Court's July 18, 2013, order, this action is proceeding against (1) Defendants Wegman[2], Castro, and Biter for violation of the Free Exercise Clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), and the Equal Protection

---

[1] The Court's docket indicates that this document was labeled as the Second Amended Complaint. However, a previous Second Amended Complaint was filed on September 4, 2012. To avoid confusion, the Court will refer to the Amended Complaint filed on December 17, 2012, as Plaintiff's Third Amended Complaint.

[2] Currently, Defendant Wegman is the only Defendant for which service has been ordered.

1

Clause of the Fourteenth Amendment; and (2) Defendant Grewal for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On February 3, 2011, Plaintiff filed a Motion for a Temporary Restraining Order. Defendant Wegman filed an opposition on February 6, 2012.[3]

A.     **LEGAL STANDARD**

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. Munaf v. Geren, 553 U.S. 674, 688–90 (2008) (citations and quotation omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 17 (2008) (citation and quotation omitted). The instant motion requires the court to determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter, 555 U.S. at 17 (citation omitted). "[S]erious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for Wild Rockies v. Cottrell, 632 F.3d. 1045, 1049-50 (9th Cir.2010).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 129 S.Ct. at 376. An injunction may only be awarded upon a clear showing that the movant is entitled to relief. Id.

---

[3] This action has an unusual procedural history that resulted in the filing of a Third Amended Complaint more than two years after the initiation of the action. This history contributed to the delay in the Court's ruling on this motion. The results would have been the same, however, if the Court ruled on the motion immediately after it was filed.

B.   **ANALYSIS**

1.   Likelihood of Success on the Merits[4]

"Inmates clearly retain protections afforded by the First Amendment ... including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Id. (citation and internal quotation marks omitted). A prison regulation may therefore impinge upon an inmate's right to exercise his religion if the regulation is "reasonably related to legitimate penological interests." Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir.2008) (citations omitted). In contesting the validity of a prison regulation, an inmate must also show that his religious practice is "sincerely held" and "rooted in religious belief." Id. at 884–85.

The Ninth Circuit has held that inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." Ward v. Walsh, 1 F.3d 873, 877 (9th Cir.1993) (citation omitted). Consequently, if an inmate is denied accommodation for his diet, the First Amendment may be implicated.

Here, Plaintiff, a member of the House of Yahweh religion, seeks a religious meal accommodation so that he may observe Yahweh's Passover Feast of Unleavened Bread (the "Feast").[5] The Feast "is an annual holy religious event lasting approximately eight (8) days in the Spring months." During that time, Plaintiff "must first destroy, then abstain from eating and

---

[4] The Court will only analyze Plaintiff's claims under the First Amendment.

[5] The Court does not read Plaintiff's request to include a Kosher Diet throughout the year.

3

coming in contact with yeast/leaven and foods containing yeast/leaven." Pl.'s Decl. ¶ 3, ECF No. 8. Plaintiff contends that a regular prison diet makes it impossible to observe this Feast.

According to Plaintiff, in 2008, the Jewish Chaplain at KVSP approved his participation in the Jewish Kosher Diet Program. Pl.'s Decl. ¶, Ex. C. However, Plaintiff never received a single Kosher meal. Pl.'s Decl. ¶ 6. In November 2008, Defendant Wegman circulated a memorandum referring to the House of Yahweh as a hate group. Pl.'s Decl. ¶ 7, Ex. E. On or about April 7, 2009, Plaintiff alleges that Defendant Wegman removed him from the Kosher Diet Program without his consent, and placed him on the Vegetarian Diet. Plaintiff contends that the Vegetarian Diet does not satisfy the requirements of the Feast, "as even vegetables can be determined un-Kosher and therefore unacceptable to be consumed according to the laws of Plaintiff's religion." Pl.'s Decl. ¶ 9. This essentially caused Plaintiff to "starve" during the April 2009 Feast and the April 2010 Feast. Pl.'s Decl. ¶¶ 10-13.

There appears to be no issue as to whether Plaintiff's beliefs are sincerely held. Instead, Defendant argues that Plaintiff cannot show a likelihood of success on the merits because, in part, he cannot show that the Vegetarian Diet infringes on his right to practice his religion. It is certainly logical, however, that a Vegetarian Diet would (1) not consist of exclusively Kosher food; or (2) contain enough foods without yeast/leavening to satisfy Plaintiff's nutritional needs during the Feast.

Defendant also attempts to overcome Plaintiff's position by explaining that *other* House of Yahweh members have not requested the Kosher Diet, and instead receive the Vegetarian Diet. The Court is not concerned with any inmate other than Plaintiff, however, in ruling on this motion.

There is little question that Defendant's failure to provide Kosher meals during the Feast implicates Plaintiff's rights under the First Amendment and RLUIPA, and the parties agree that the proffered reason for the denial is the Kosher Diet is only for Jewish inmates desiring to

practice Jewish Kosher law. Citing Title 15, Cal. Code Regs. § 3054.2, Defendant argues that Plaintiff would not be approved for a Kosher Diet because he is not Jewish, nor does he claim to be Jewish. Section 3054.2(a) states that "Jewish inmates may participate in the program, as determined by a Jewish Chaplain."

Whether Plaintiff qualifies as Jewish for purposes of receiving a Kosher Diet, however, is irrelevant to the constitutional issue- whether Plaintiff was denied "food sufficient to sustain [him] in good health and satisfy the dietary laws of [his] religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir.1987). Plaintiff states that as a House of Yahweh member, he cannot properly celebrate the Feast without a Kosher Diet. During the Feast in 2009 and 2010, he did not eat for days because he did not receive a Kosher Diet. "The First Amendment requires prison officials to provide a diet appropriate to the inmate's sincere religious belief, not one appropriate to the institution's determination of appropriate religious observance." Allen v. Virga, 2013 WL 2665395, *6 (E.D. Cal. 2013); Shakur v. Schriro, 514 F.3d 878, 884-885 (9th Cir.2008).

Under the Turner test, then, the failure to provide a Kosher Diet to a non-Jewish prisoner, where the inmate's sincerely held beliefs require such a diet, violates the First Amendment unless justified by legitimate penological interests. Defendant contends that providing a Vegetarian Diet to House of Yahweh members furthers the government's compelling interest in "controlling costs, number of personnel, and kitchen resources, as well as maintaining prison safety." Opp'n 8. Such arguments are unavailing in the context of the eight days that Plaintiff would require such a diet. Defendant simply provides no good explanation for refusing to provide Plaintiff with a Kosher Diet for the eight-day period at issue.

    2.    Irreparable Harm

Under Ninth Circuit law, "a party seeking preliminary injunctive relief in a First Amendment context can establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence of a colorable First Amendment claim." Warsoldier v. Woodford,

418 F.3d 989, 1001 (9th Cir. 2005) (internal citations omitted). Plaintiff has therefore satisfied the irreparable harm requirement.

### 3. Balance of Equities

The Court must balance the irreparable injury faced by Plaintiff during the Feast with Defendant's described compelling interests of controlling costs, the number of personnel, and kitchen resources, as well as maintaining prison safety. Given that Defendant will only be required to give Plaintiff a Kosher Diet during the eight days of the Feast, the balance of equities tips sharply towards Plaintiff.

### 4. Public Interest

Plaintiff contends that the public interest is served by permitting inmates to exercise their religion, as this furthers the rehabilitative goals of the prison system. Defendant does not directly address the public's interest, except to state that (1) Plaintiff has no standing to seek relief on behalf of other inmates, and (2) not all House of Yahweh members appear to share Plaintiff's beliefs. Neither statement is of consequence to analyzing the public's interest, however. Accordingly, under the facts presented in this motion, the Court finds that the public's interest is served by permitting the relief sought.

### 5. Expiration of Relief

Generally, preliminary injunctive relief in prisoner actions automatically expires 90 days after its entry. 18 U.S.C. § 3626(a)(2). However, where prospective relief extends no further than necessary to correct the violation, is narrowly drawn and is the least intrusive means necessary to correct the violation, the Court may extend the expiration date of the relief. Id.

In the instant action, Plaintiff's relief involves only an eight day period in the Spring, generally April, and given the timing of these findings, 90 days will be insufficient to provide relief for the Spring 2014 Feast. The Court does not anticipate that a final decision on the merits of this action will have been reached by that time, and therefore finds it necessary to extend the

expiration date of the relief ordered herein. The relief, which involves providing Plaintiff with Kosher meals during the upcoming 2014 eight-day Feast period, is narrowly drawn and is the least intrusive means to correct the violation. The relief shall expire <u>immediately after</u> the conclusion of the 2014 Feast, which will ensure that the relief extends no longer than necessary to correct the violation.

## **RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for a Preliminary Injunction be GRANTED. The Court further RECOMMENDS entry of a preliminary injunction as follows: Defendant SHALL provide Plaintiff with a Kosher Diet during the eight-day period of the Spring 2014 Yahweh Passover Feast of Unleavened Bread, the dates of which as defined by the House of Yahweh.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 22, 2013**                         /s/ *Dennis L. Beck*
                                                                      UNITED STATES MAGISTRATE JUDGE