# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ELLIS PORTER, | Case No. 1:10-cv-01500-LJO-DLB PC |
| Plaintiff, | **ORDER REGARDING MOTION FOR CLARIFICATION** |
| v. | (ECF No. 114) |
| CHERYLEE WEGMAN, et al., | |
| Defendants. | |

Plaintiff Brian Ellis Porter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. Section 1983.  On December 2, 2013, inmate George Hamilton filed a motion seeking to join in this action as a co-plaintiff.  (ECF No. 85.)   On December 17, 2013, the Court denied the motion to join plaintiffs.  (ECF No. 86.)  On January 2, 2014, January 15, 2014, January 29, 2014, and March 13, 2014, Plaintiff and inmate George Hamilton filed various motions for the District Judge to reconsider the motion to join plaintiff and to expedite a hearing for intervention.  (ECF Nos. 88, 91, 93, 94.)  On August 11, 2014, the District Court denied the motion for reconsideration.  (ECF No. 105.)  On October 6, 2014, inmate George Hamilton filed a motion for clarification of the motion for reconsideration.

Inmate Hamilton states he initially filed motions to join the action and the Court denied those motions.  He states however that he subsequently filed motions to intervene in the action under Fed. R. Civ. P. 24(a).  He states it appears that the Court did not address his motion to intervene.  The Court will clarify its ruling as to this argument.

To intervene as a matter of right under Rule 24(a)(2), an applicant must claim an interest the

1

protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant. Wilderness Society v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir.2011). The Ninth Circuit applies a four-part test to motions under Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately protected by the parties to the action.

Id. (quoting Sierra Club v. EPA, 995 F.2d 1478, 1481 (9th Cir.1993)).  Failure to satisfy any one of the requirements is fatal to the application, and the Court need not reach the remaining elements if one of the elements is not satisfied. See California ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency, 792 F.2d 779, 781 (9th Cir.1986).

Here, inmate Hamilton is not so situated that the disposition of Porter's action may as a practical matter impair or impede his ability to protect his interest.  He is fully able to file a suit to seek relief on his own.  Porter's suit will not impede or impair Hamilton.  Therefore, inmate Hamilton cannot intervene as a matter of right.

A district court may grant permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B) where the applicant "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996). Where a putative intervenor has met these requirements, the Court may also consider other factors in the exercise of its discretion, including "the nature and extent of the intervenors' interest" and "whether the intervenors' interests are adequately represented by other parties." Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir.1977).  Rule 24(b)(3) also requires that the Court "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Pursuant to Rule 24(b)(3), the Court finds that intervention will unduly delay and prejudice the adjudication of Plaintiff's rights.   As previously stated, significant and sometimes insurmountable complications often result from multiple incarcerated plaintiffs proceeding pro se in the same action.   In addition, Plaintiff Porter has not signed or shown he is aware of any of the motions filed by inmate Hamilton.

Accordingly, to the extent that inmate Hamilton requests that he be allowed to intervene in this action, his motion is DENIED.

The Clerk's Office is DIRECTED to serve a courtesy copy of this order on George Hamilton, CDCR # K-54885, at Kern Valley State Prison.

IT IS SO ORDERED.

Dated:   __October 14, 2014__              ____/s/ Lawrence J. O'Neill__
                                              UNITED STATES DISTRICT JUDGE