# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ELLIS PORTER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHERYLEE WEGMAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:10-cv-01500 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>[ECF No. 109]<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS<br>[ECF No. 110] |

Plaintiff Brian Ellis Porter ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint on the following claims: (1) violations of the Free Exercise Clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act of 2000 and the Equal Protection Clause of the Fourteenth Amendment against Defendants Wegman, Castro, and Biter; and (2) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendant Grewal.

On July 28, 2014, Defendants filed a motion for summary judgment. Plaintiff has not yet filed an opposition. On August 27, 2014, Plaintiff filed a motion to compel discovery and a motion to stay proceedings on the summary judgment motion. Defendants filed an opposition to the motions on September 17, 2014. Plaintiff did not file a reply. The motions to compel and to stay proceedings are deemed submitted pursuant to Local Rule 230(l).

1

**LEGAL STANDARD**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. See, e.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. 2012). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id., at *1.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigator. Therefore, to the extent possible, the Court endeavors to resolve the motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**DISCUSSION**

I.   Plaintiff's Motion to Compel [ECF No. 109]

On August 27, 2014, Plaintiff filed a motion to compel Defendant Wegman to produce a copy of the CDCR Form 3030 Religious Diet Request he submitted in 2008. Defendant Wegman responds that he has made multiple requests for the staff to search for the document, that he has thoroughly searched for the document, but he has not been able to locate it. Defendant Wegman further states that there is no formal retention policy for such forms and it was likely discarded several years ago. In addition, Defendant Wegman claims that the document is irrelevant insofar as Defendants do not dispute that Plaintiff made a kosher diet request in 2008.

**Ruling:** Plaintiff's motion is denied. Defendant has made a diligent search for the responsive documentation but has been unable to locate it. In addition, the Court agrees that the

document is not relevant to any claims or defenses of the parties.

II.     Plaintiff's Motion for Stay [ECF No. 110]

On August 27, 2014, Plaintiff filed a motion to stay the proceedings pending the afore-mentioned discovery issue.  As discussed, the motion to compel is denied.  Therefore, Plaintiff's motion for stay is moot.

**ORDER**

For the foregoing reasons, Plaintiff's Motion to Compel and his Motion for Stay are DENIED.

IT IS SO ORDERED.

Dated:   **October 17, 2014**                           /s/ *Dennis L. Beck*
                                                         UNITED STATES MAGISTRATE JUDGE