# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ELLIS PORTER,<br><br>             Plaintiff,<br><br>     v.<br><br>CHERYLEE WEGMAN, et al.,<br><br>             Defendants. | Case No. 1:10-cv-01500 LJO DLB PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br>[ECF No. 116] |

Plaintiff Brian Ellis Porter ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint on the following claims: (1) violations of the Free Exercise Clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act of 2000 and the Equal Protection Clause of the Fourteenth Amendment against Defendants Wegman, Castro, and Biter; and (2) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendant Grewal.

On November 18, 2013, the Court issued a discovery and scheduling order. Pursuant to the order, the dispositive motion deadline was set for June 13, 2014. Requests by the parties to extend the deadline were granted, and the dispositive motion deadline was extended to July 28, 2014.

On July 28, 2014, Defendants filed a motion for summary judgment. On October 29, 2014, Plaintiff filed an opposition to the motion for summary judgment. Defendants filed a reply on

1

November 4, 2014.

On October 15, 2014, Defendants filed a motion to modify the scheduling order to allow supplemental briefing in support of the motion for summary judgment. Plaintiff opposed the motion on December 22, 2014, and Defendants replied to Plaintiff's opposition on December 29, 2014. The motion to modify the scheduling order is deemed submitted pursuant to Local Rule 230(l).

## **LEGAL STANDARD**

The Court has broad discretion to control the course of litigation under Fed. R. Civ. P. 16. Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012). Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, Defendants seek to modify the scheduling order to permit supplemental briefing in support of their motion for summary judgment. Defendants moved for summary judgment as to all of Plaintiff's constitutional claims for monetary damages; however, Defendants did not move for summary judgment with respect to Plaintiff's claim for injunctive relief under RLUIPA because Plaintiff was not receiving a kosher diet. Counsel for Defendants state they were made aware on or about October 6, 2014, that Plaintiff began receiving a kosher diet. In his opposition, Plaintiff concedes he began receiving a kosher diet on October 4 or 5, 2014. Defendants seek to file supplemental briefing limited to the argument of mootness.

Plaintiff argues that Defendants' motion should be denied because the issue is not moot. Plaintiff contends that the violations he complains of are likely to be repeated. While Plaintiff's argument may be entirely correct, it shows that the issue should be further briefed by the parties. Good cause exists to modify the scheduling order to allow supplemental briefing.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Defendants' motion to modify the scheduling order to allow supplemental briefing in support of motion for summary judgment is GRANTED;

2) Defendants are GRANTED thirty (30) days from the date of service of this order to

file supplemental briefing limited to the issue of mootness;

      3)     Plaintiff is GRANTED twenty-one (21) days from the date of service of Defendants' supplemental briefing to file opposition to Defendants' supplemental briefing limited to the issue of mootness; and

      4)     Defendants are GRANTED seven (7) days from the date of service of Plaintiff's opposition to file a reply.

IT IS SO ORDERED.

Dated:   **January 16, 2015**              /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE