1
2
3
4
5
6
7
8        # UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  BRIAN ELLIS PORTER, | Case No.  1:10-cv-01500-LJO-BAM (PC) |
| 12  Plaintiff, | **SCHEDULING ORDER** |
| 13  v. | **ORDER REQUIRING PARTIES TO NOTIFY WHETHER THEY CONSENT TO MAGISTRATE JUDGE JURISDICTION WITHIN THIRTY (30) DAYS** |
| 14  CHERYLEE WEGMAN, et al., | |
| 15  Defendants. | **ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 281 TO PLAINTIFF** |
| 16 | |
| 17 | Telephonic Trial Confirmation Hearing: |
| 18 | **June 20, 2017** at 9:00 a.m. in Courtroom 4 (LJO) |
| 19 | |
| 20 | Jury Trial: **August 29, 2017** at 8:30 a.m. in Courtroom 4 (LJO) |
| 21 | |

22

23          Plaintiff Brian Ellis Porter ("Plaintiff") is a state prisoner proceeding pro se and in forma

24   pauperis in this civil rights action under 42 U.S.C. § 1983. On July 1, 2015, the Court adopted the

25   findings and recommendations of the Magistrate Judge granting Defendants' motion for summary

26   judgment (ECF No. 135), and entered judgment closing the case. (ECF No. 136.) Plaintiff

27   appealed.  (ECF No. 138.)

28          On November 23, 2016, the Court of Appeals for the Ninth Circuit affirmed in part,

1

1    reversed in part, and remanded the matter for further proceedings. (ECF No. 141.) On December

2    15, 2016, the Ninth Circuit issued its mandate. (ECF No. 143.)

3        Following remand, this action now proceeds to trial on Plaintiff's claims against

4    Defendant Wegman for violation of the Free Exercise Clause of the First Amendment of the

5    United States Constitution.  In particular, this action proceeds on Plaintiff's claim that Defendant

6    Wegman violated his right to free exercise of his religion by switching him from a kosher diet to

7    a vegetarian diet and denying his requested dietary accommodations during multi-day Passover

8    observances.  Under Federal Rules of Civil Procedure 16(b), the Court now sets a further

9    schedule for this litigation.

10       The parties are required to file pretrial statements in accordance with the schedule set

11   forth herein. In addition to the matters already required to be addressed in the pretrial statement

12   under Local Rule 281, the parties will be required to submit requests to obtain the attendance of

13   incarcerated witnesses. The procedures, requirements and deadlines for such a request are

14   outlined in detail below. The parties are advised that failure to comply with the procedures set

15   forth below may result in the preclusion of any and all witnesses.

16       At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of

17   the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of

18   trial evidence:  (1) exhibits and (2) the testimony of witnesses. Plaintiff is responsible for

19   producing all of the evidence to prove his case, whether that evidence is in the form of exhibits or

20   witness testimony. If Plaintiff wants to call witnesses to testify, he must follow certain procedures

21   to ensure that the witnesses will be at the trial and available to testify.

22       1.   Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify

23            Voluntarily

24       An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot

25   come to court unless the Court orders the warden or other custodian to permit the witness to be

26   transported to court. The Court will not issue such an order unless it is satisfied that the

27   prospective witness has actual knowledge of relevant facts.

28       A party intending to introduce the testimony of incarcerated witnesses who have agreed

2

voluntarily to attend the trial must serve and file concurrent with the pretrial statement a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

Motions for the attendance of incarcerated witnesses at trial, if any, must be filed on or

1  before **May 23, 2017**. Objections, if any, must be filed on or before **June 6, 2017**.

2      2.  <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to</u>

3        <u>Testify Voluntarily</u>

4      If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify

5  voluntarily, the party should submit with his pretrial statement a motion for the attendance of

6  such witnesses. Such motion should be in the form described above. In addition, the party must

7  indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

8      3.  <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to</u>

9        <u>Testify Voluntarily</u>

10      It is the responsibility of the party who has secured an unincarcerated witness's voluntary

11  attendance to notify the witness of the time and date of trial. No action need be sought or obtained

12  from the Court.

13      4.  <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to</u>

14        <u>Testify Voluntarily</u>

15      If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the

16  witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the

17  witness's presence must tender an appropriate sum of money for the witness. *Id*. In the case of an

18  unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the

19  witness's travel expenses. 28 U.S.C. § 1821.

20      If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who

21  refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and

22  location of each unincarcerated witness. The Court will calculate the travel expense for each

23  unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness,

24  submit a money order made payable to the witness for the full amount of the witness's travel

25  expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the

26  unincarcerated witness by the United States Marshal unless the money order is tendered to the

27  Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the

28  tendering of witness fees and travel expenses is required even if the party was granted leave to

1  proceed in forma pauperis.

2        If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to

3  testify voluntarily, Plaintiff must submit the money orders to the Court no later than **June 20,**

4  **2017**. To ensure timely submission of the money orders, Plaintiff must notify the Court of the

5  names and locations of his witnesses, in compliance with step one, on or before **May 9, 2017**.

6        The parties are advised that failure to file pretrial statements as required by this order may

7  result in the imposition of appropriate sanctions, which may include dismissal of the action or

8  entry of default.

9        Finally, the Court shall direct the Clerk's Office to provide the parties with

10  consent/decline forms. Within **thirty (30) days** from the date of service of this order, the parties

11  shall inform the Court whether they consent to or decline Magistrate Judge jurisdiction by filling

12  out the forms and returning them to the Court. The following is important information about

13  scheduling and trailing cases:

14        District Court Judges of the Fresno Division of the Eastern District of California now have

15  the heaviest caseload in the nation. As a result, each District Judge schedules multiple trials to

16  begin on each available trial date. Civil cases will trail and begin as soon as a courtroom is

17  cleared. The law requires that the Court give any criminal trial priority over civil trials or any

18  other matter. A civil trial set to begin while a criminal trial is proceeding will trail the completion

19  of the criminal trial.

20        The Court cannot give advance notice of which cases will trail or for how long because

21  the Court does not know which cases actually will go to trial or precisely how long each will last.

22  Once your trial date arrives, counsel, parties and witnesses must remain on 24-hour-stand-by until

23  a court opens. Since continuance to a date certain will simply postpone, but not solve, the

24  problem, continuances of any civil trial under these circumstances will no longer be entertained,

25  absent a specific and stated finding of good cause. The Court will use its best efforts to mitigate

26  the effect of the foregoing and to resolve all cases in a timely manner.

27        One alternative is for the parties to consent to a United States Magistrate Judge

28  conducting all proceedings, including trial and entry of final judgment, pursuant to 28 U.S.C. § 28

1  U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. The Eastern District

2  Magistrate Judges, all experienced former trial lawyers, use the same jury pool and same court

3  facilities as United States District Court Judges. Since Magistrate Judges do not conduct felony

4  trials, they have greater flexibility and schedule firm trial dates. Judgment entered by a United

5  States Magistrate Judge is appealable directly to the United States Court of Appeal for the Ninth

6  Circuit. (While there are scheduling benefits to consenting to Magistrate Judge jurisdiction,

7  substantive rulings and decisions will not be affected by whether a party chooses to consent or

8  not.)

9        As another response to its large caseload, the Fresno Division of the Eastern District of

10  California is assigning cases, whenever possible, to Article III District Court Judges from around

11  the nation as Visiting Judges. Under the Local Rules, Appendix A, such reassignments will be

12  random, and the parties will receive no advance notice before their case is reassigned to an Article

13  III District Court Judge from outside of the Eastern District of California.

14        Accordingly, the Court HEREBY ORDERS as follows:

15    1.  This matter is set for telephonic trial confirmation hearing before the Honorable

16        Lawrence J. O'Neill on **June 20, 2017**, at 9:00 a.m. in Courtroom 4;

17    2.  This matter is set for jury trial before the Honorable Lawrence J. O'Neill on **August**

18        **29, 2017**, at 8:30 a.m. in Courtroom 4;

19    3.  Counsel for Defendant is required to arrange for the participation of Plaintiff in the

20        telephonic trial confirmation hearing and to initiate the telephonic hearing at (559)

21        499-5680;

22    4.  Plaintiff shall serve and file a pretrial statement as described in this order on or before

23        **May 23, 2017**;

24    5.  Defendant shall serve and file a pretrial statement as described in this order on or

25        before **June 6, 2017**;

26    6.  In addition to electronically filing her pretrial statement, Defendant shall e-mail the

27        pretrial statement to: ljoorders@caed.uscourts.gov;

28    7.  If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve

and file a motion for attendance of incarcerated witnesses as described in this order on or before **May 23, 2017**;

8.  The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **June 6, 2017**;

9.  If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **May 9, 2017**, and Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **June 20, 2017**;

10. The Clerk's Office shall send the parties consent/decline forms;

11. Within **thirty (30) days** from the date of service of this order, the parties shall notify the Court whether they consent to or decline Magistrate Judge jurisdiction by filling out the enclosed forms and returning them to the Court; and

12. The Clerk's Office shall send Plaintiff a copy of Local Rule 281.

IT IS SO ORDERED.

Dated:   **December 20, 2016**              /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE