# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ELLIS PORTER, | Case No.  1:10-cv-01500-BAM (PC) |
| Plaintiff, | **AMENDED SCHEDULING ORDER** |
| v. | Telephonic Trial Confirmation Hearing: **June 20, 2017** at 10:00 a.m. in Courtroom 8 (BAM) |
| CHERYLEE WEGMAN, | |
| Defendant. | Jury Trial: **August 29, 2017** at 8:30 a.m. in Courtroom 8 (BAM) |

Plaintiff Brian Ellis Porter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.

This action proceeds on Plaintiff's claims against Defendant Wegman for violation of the Free Exercise Clause of the First Amendment of the United States Constitution.  In particular, this action proceeds on Plaintiff's claim that Defendant Wegman violated his right to free exercise of his religion by switching him from a kosher diet to a vegetarian diet and denying his requested dietary accommodations during multi-day Passover observances.

Pursuant to 28 U.S.C. §636(c)(1), all parties have consented to conduct all further proceedings in this action before a U.S. Magistrate Judge, including trial and entry of judgment. (ECF Nos. 5, 150.)  On April 13, 2017, the Court entered an order assigning the action to U.S. Magistrate Judge Barbara A. McAuliffe for all further purposes and proceedings.  (ECF No. 151.)

1    Under Federal Rules of Civil Procedure 16(b), the Court now sets an amended schedule for this

2    litigation.

3        The parties are required to file pretrial statements in accordance with the schedule set

4    forth herein. In addition to the matters already required to be addressed in the pretrial statement

5    under Local Rule 281, the parties will be required to submit requests to obtain the attendance of

6    incarcerated witnesses. The procedures, requirements and deadlines for such a request are

7    outlined in detail below. The parties are advised that failure to comply with the procedures set

8    forth below may result in the preclusion of any and all witnesses.

9        At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of

10   the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of

11   trial evidence:  (1) exhibits and (2) the testimony of witnesses. Plaintiff is responsible for

12   producing all of the evidence to prove his case, whether that evidence is in the form of exhibits or

13   witness testimony. If Plaintiff wants to call witnesses to testify, he must follow certain procedures

14   to ensure that the witnesses will be at the trial and available to testify.

15       1.   Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify

16            Voluntarily

17       An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot

18   come to court unless the Court orders the warden or other custodian to permit the witness to be

19   transported to court. The Court will not issue such an order unless it is satisfied that the

20   prospective witness has actual knowledge of relevant facts.

21       A party intending to introduce the testimony of incarcerated witnesses who have agreed

22   voluntarily to attend the trial must serve and file concurrent with the pretrial statement a written

23   motion for a court order requiring that such witnesses be brought to court at the time of trial.  The

24   motion must: (1) state the name, address, and prison identification number of each such witness;

25   and (2) be accompanied by declarations showing that each witness is willing to testify and that

26   each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for

27   Attendance of Incarcerated Witnesses."

28   ///

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

Motions for the attendance of incarcerated witnesses at trial, if any, must be filed on or before **May 23, 2017**. Objections, if any, must be filed on or before **June 6, 2017**.

    2. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must

3

1    indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

2           3.   Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to

3                Testify Voluntarily

4           It is the responsibility of the party who has secured an unincarcerated witness's voluntary

5    attendance to notify the witness of the time and date of trial. No action need be sought or obtained

6    from the Court.

7           4.   Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to

8                Testify Voluntarily

9           If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the

10   witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the

11   witness's presence must tender an appropriate sum of money for the witness. *Id*. In the case of an

12   unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the

13   witness's travel expenses. 28 U.S.C. § 1821.

14          If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who

15   refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and

16   location of each unincarcerated witness. The Court will calculate the travel expense for each

17   unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness,

18   submit a money order made payable to the witness for the full amount of the witness's travel

19   expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the

20   unincarcerated witness by the United States Marshal unless the money order is tendered to the

21   Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the

22   tendering of witness fees and travel expenses is required even if the party was granted leave to

23   proceed in forma pauperis.

24          If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to

25   testify voluntarily, Plaintiff must submit the money orders to the Court no later than **June 20,**

26   **2017**. To ensure timely submission of the money orders, Plaintiff must notify the Court of the

27   names and locations of his witnesses, in compliance with step one, on or before **May 9, 2017**.

28   ///

The parties are advised that failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

Accordingly, the Court HEREBY ORDERS as follows:

1. This matter is set for telephonic trial confirmation hearing before the Honorable Barbara A. McAuliffe on **June 20, 2017**, at 10:00 a.m. in Courtroom 8;

2. Parties appearing telephonically may do so by using the following dial-in number and passcode at the time set for the hearing: dial-in number 1-877-411-9748; passcode 3190866. Counsel for Defendant is required to arrange for the participation of Plaintiff in the telephonic trial confirmation hearing by contacting the litigation coordinator at the institution where Plaintiff is housed;

3. This matter is set for jury trial before the Honorable Barbara A. McAuliffe on **August 29, 2017**, at 8:30 a.m. in Courtroom 8;

4. Plaintiff shall serve and file a pretrial statement as described in this order on or before **May 23, 2017**;

5. Defendant shall serve and file a pretrial statement as described in this order on or before **June 6, 2017**;

6. In addition to electronically filing her pretrial statement, Defendant shall e-mail the pretrial statement to: bamorders@caed.uscourts.gov;

7. If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **May 23, 2017**;

8. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **June 6, 2017**; and

///

///

///

///

9. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **May 9, 2017**, and Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **June 20, 2017**.

IT IS SO ORDERED.

Dated: __**April 14, 2017**__          ____/s/ *Barbara A. McAuliffe*____
                                        UNITED STATES MAGISTRATE JUDGE

6