# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ELLIS PORTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHERYLEE WEGMAN,<br><br>　　　　Defendant. | Case No. 1:10-cv-01500-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED AND UNINCARCERATED WITNESSES<br><br>(ECF No. 157)<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE WITNESS INFORMATION |

Plaintiff Brian Ellis Porter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 11, 2017, the Court held a telephonic trial confirmation hearing. Plaintiff, appearing pro se, and Aseil Mohmoud and Monica Anderson, counsel for Defendant, attended the hearing.

Currently before the Court is Plaintiff's June 19, 2017 motion for the attendance of the following unincarcerated witnesses: (1) Paul Shleffar (Jewish Chaplain of CDCR), (2) Denice Porter, (3) Ellis Porter, and (4) Lisa Turner, and the following incarcerated witnesses: (1) Donald Ray Perry (CDCR #P92110, Correctional Training Facility ("Soledad State Prison")); (2) George Hamilton (CDCR #K54885, Pelican Bay State Prison); (3) Allen B. Williams (CDCR #C09851, Ironwood State Prison); and (4) Jimmy Serna (CDCR #AK2741, Kern Valley State Prison). Defendants filed an opposition on June 30, 2017. (ECF No. 159.)

1

The Court will also address the two additional witnesses listed in Plaintiff's pretrial statement: Francisco Diaz, Catholic Chaplain at Kern Valley State Prison, and Maurice Howard, Muslim Chaplain at Kern Valley State Prison. (ECF No. 162, p. 9.) The Court heard arguments on this matter at the telephonic trial confirmation hearing on July 11, 2017.

**I.     Motion for Attendance of Incarcerated Witnesses**

In determining whether to grant Plaintiff's motions for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. Cty. of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

For reasons stated on the record, Plaintiff's motion for incarcerated witnesses is denied.

**II.    Motion for Attendance of Unincarcerated Witnesses**

As discussed on the record, Plaintiff has failed to include declarations showing that each unincarcerated witness is willing to testify and that each witness has actual knowledge of relevant facts.

**A. Voluntary Unincarcerated Witnesses**

Plaintiff stated during the trial confirmation hearing that Denice Porter, Ellis Porter, and Lisa Turner have agreed to testify voluntarily, and do not require subpoenas. As stated on the record, Plaintiff may also call Francisco Diaz and Maurice Howard to appear voluntarily, but the Court will not compel these witnesses to appear by subpoena.

Plaintiff is advised that any unincarcerated witnesses who may voluntarily appear will not be precluded at this time, but an offer of proof must be made before they will be permitted to testify. Plaintiff's offer of proof must show the willingness of the prospective witness to testify

2

and that each witness has actual knowledge of relevant facts. (See ECF No. 152, pp. 2–3.)

**B. Involuntary Unincarcerated Witness**

For reasons stated on the record, Plaintiff will be permitted to call Rabbi Paul Shleffar to testify. Pursuant to the Court's April 17, 2017 Amended Scheduling Order, Plaintiff must notify the Court in writing of the location of Rabbi Paul Shleffar. The Court will calculate the travel expense for the witness and notify Plaintiff of the amount. Plaintiff must then submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court.

**III.  Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the attendance of unincarcerated and incarcerated witnesses (ECF No. 157) is GRANTED IN PART and DENIED IN PART:

1. Plaintiff's motion for the attendance of incarcerated witnesses Donald Ray Perry (CDCR #P92110, Correctional Training Facility ("Soledad State Prison")); George Hamilton (CDCR #K54885, Pelican Bay State Prison); Allen B. Williams (CDCR #C09851, Ironwood State Prison); and Jimmy Serna (CDCR #AK2741, Kern Valley State Prison), is DENIED;

2. Plaintiff's motion for the attendance of voluntary unincarcerated witnesses Denice Porter, Ellis Porter, Lisa Turner, Francisco Diaz (Catholic Chaplain at Kern Valley State Prison), and Maurice Howard (Muslim Chaplain at Kern Valley State Prison) is GRANTED, subject to Plaintiff's offer of proof for each witness;

3. Plaintiff's motion for the attendance of involuntary unincarcerated witness Paul Shleffar (Jewish Chaplain of CDCR) is GRANTED, subject to:

///
///
///
///

3

a. Plaintiff's submission of the location of Rabbi Shleffar, due on or before **July 17, 2017**; and

b. Plaintiff's submission of the money order with applicable witness fees, due on or before **August 4, 2017**.

IT IS SO ORDERED.

Dated: **July 11, 2017**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

4