# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ELLIS PORTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHERYLEE WEGMAN,<br><br>　　　　Defendant. | Case No. 1:10-cv-01500-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OPPOSITION TO EXPERT DISCLOSURE AND COMBINED MOTIONS IN LIMINE<br>(ECF Nos. 164, 175)<br><br>ORDER GRANING IN PART AND DENYING IN PART DEFENDANT'S COMBINED MOTIONS IN LIMINE<br>(ECF No. 172)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE AMENDED PRETRIAL ORDER AS MOOT<br>(ECF No. 188) |

Plaintiff Brian Ellis Porter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim that Defendant Wegman violated his First Amendment right to free exercise of his religion by switching him from a Kosher diet to a vegetarian diet and denying his requested dietary accommodations during multi-day Passover observances. All parties have consented to magistrate judge jurisdiction. (ECF Nos. 5, 150.) This matter is set for trial on August 29, 2017.

On July 10, 2017, Plaintiff filed an opposition to Defendant's Expert Disclosure, which the Court construes as a motion in limine. (ECF No. 164.) On July 24, 2017, Plaintiff filed a

1

combined motion in limine, with twelve (12) separate requests, (ECF No. 175), which Defendant opposed on July 28, 2017, (ECF No. 181). On July 14, 2017, Defendant filed a combined motion in limine, with eight (8) separate requests, (ECF No. 172), which Plaintiff opposed on August 4, 2017, (ECF No. 186). On August 7, 2017, Plaintiff also filed a motion to amend the amended pretrial order. (ECF No. 188.) The motions were heard before the undersigned on August 14, 2017. Plaintiff appeared telephonically on his own behalf, and Aseil Mohmoud and Monica Anderson appeared telephonically on behalf of Defendant. The motions are deemed submitted. Local Rule 230(l).

**I.      Motions in Limine**

     **A.      Standard**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004–05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises. See, e.g., Brown v. Kavanaugh, No. 1:08–CV–01764–LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also In re Homestore.com Inc., No. CV 01–11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions in limine should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); see cf. Oracle Am. Inc. v. Google Inc., No. C 10–03561 WHA, 2012 WL 1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was unwarranted). Additionally, some evidentiary issues are not accurately and efficiently evaluated

by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

**B.    Analysis**

  **1.    Plaintiff's Combined Motions in Limine**

For the reasons discussed at the hearing, each of Plaintiff's motions in limine are granted or denied, in whole or in part, as indicated below:

Plaintiff's opposition to Defendant's expert witnesses, construed as a motion in limine to exclude D. Skaggs and E. Krantz as witnesses, is denied, for the reasons explained at the hearing. As agreed by Defendant, Mr. Skaggs cannot testify whether the vegetarian diet complies with the House of Yahweh dietary restrictions.

Plaintiff's combined motions in limine are granted in part and denied in part, for reasons discussed at the hearing. Specifically, the Court rules as follows:

(1) Plaintiff's motion to exclude exhibits related to Plaintiff's canteen records is denied.

(2) Plaintiff's motion to exclude the "Letter from House of Yahweh Inmate Representative, A. Quiroz, dated October 20, 2011" is denied.

(3) Plaintiff's motions to exclude "CDCR Religious Event Request Packets submitted by House of Yahweh inmates at KVSP for Feast of Tabernacles dated April 17, 2009, April 19, 2011, October 20, 2011, October 12, 2011, including the corresponding referral memorandum route slips from the institution"; "All CDCR Religious Event Packets submitted by Plaintiff for Feast of Tabernacles, including the packet dated April 17, 2009"; and "Memorandum from C. Wegman re the Feast of Tabernacles, dated April 17, 2010" are denied.

(4) Plaintiff's motions to exclude "CDCR Records from 2009 and 2010, documenting inmates who partook in hunger strikes during the relevant time period"; "CDCR records of the cost of religious meals, as compared to standard meals"; "CDCR 3030 forms for KVSP House of Yahweh inmates from the relevant time period"; and "Record of inmates who engage in hunger strike on October 10, 2010" are denied as moot. Defendant agreed that she will no longer seek to

admit these documents into evidence.

(5) Plaintiff's motion to exclude photos of the regular meals, Kosher diet meals, and vegetarian diet meals offered to inmates is denied without prejudice.

(6) Plaintiff's motion to exclude "Plaintiff's Abstract of judgment for his current commitment offense" is granted in part and denied in part. Defendant may elicit testimony that Plaintiff is serving a sentence for a felony conviction and the length of his sentence, but is precluded from eliciting facts about the nature of his felony conviction.

(7) Plaintiff's motion to exclude case records from a similar lawsuit brought by Plaintiff and Inmate Williams on similar facts, Williams v. Cate, Case No. 1:09-cv-00468-LJO-JLT (E.D. Cal. 2009), is denied without prejudice. Defendant will not refer to or seek to admit the declaration submitted in that case in Plaintiff's name. Defendant will seek to elicit testimony about a letter from House of Yahweh leadership submitted in support of the Williams complaint. As discussed on the record, should Defendants establish a foundation for this document at trial and seek to admit it into evidence, they will need to redact the portions not relevant to this action.

## 2. Defendant's Motions in Limine

For the reasons discussed at the hearing, each of Defendant's motions in limine are granted or denied, in whole or in part, as indicated below:

(1) Defendant's motion to preclude Plaintiff from testifying about policies or regulations in effect outside the relevant time frame is denied without prejudice. Before Plaintiff may testify that he was approved for a Kosher diet in 2014, he must establish by a competent person knowledgeable of CDCR's religious diet policies, that the policies were the same from 2008 to 2014. Plaintiff is not a competent person knowledgeable of CDCR's religious diet policies.

(2) Defendant's motion to preclude Plaintiff from introducing an email from Defendant Wegman from 2008 into evidence or testifying about it is granted in part and denied in part. The email is not hearsay and will not be excluded on that basis. Plaintiff is permitted to authenticate the email at trial. However, Plaintiff cannot testify or speculate as to what Defendant Wegman meant by sending the email.

At this time, the attachment to the email is not precluded. The parties should meet and confer regarding admission, in whole or in part, of the attachment to the email.

(3) Defendant's motion to preclude the testimony of any rabbi or chaplain who was not responsible for processing Kosher diet meal requests at Kern Valley State Prison in 2008–2011, and any evidence from a year other than 2008–2011, is granted in part. Plaintiff may not introduce evidence or testimony regarding the Equal Protection claims that are no longer at issue in this case.

The Court will hold in abeyance any ruling on the testimony of Rabbi Shleffar, pending an evidentiary hearing to be held outside the presence of the jury regarding the religious diet policies in effect in 2008 and 2014. Rabbi Shleffar may not testify as to Plaintiff's approval for a Kosher diet plan in 2014 until a competent person knowledgeable of CDCR's religious diet policies during the relevant time period testifies that the policies were the same in 2008 and 2014.

(4) Defendant's motion to preclude any testimony regarding obstruction of Plaintiff's administrative grievance process and Equal Protection violations is granted.

(5) Defendant's motion to preclude Plaintiff's friends and family as witnesses is denied without prejudice, subject to objections at trial. Plaintiff confirmed at the hearing that he will not call Lisa Turner as a witness. Plaintiff further submitted an offer of proof that his parents, Denice Porter and Ellis Porter, will testify as to telephone conversations with Defendant Wegman during the relevant time period regarding Plaintiff's requests for Kosher meals.

(6) Defendant's motion to preclude Plaintiff from introducing into evidence any portion of religious texts that do not concern House of Yahweh dietary restrictions is held in abeyance. Plaintiff is permitted to testify regarding the tenets of his own religion and any dietary restrictions.

(7) Defendant's motion to preclude Plaintiff from introducing testimony or evidence from another inmate's institutional and legal documents is granted.

(8) Defendant's motion to preclude Plaintiff from offering opinions or inferences as to the nature and extent of his injuries, on the basis that Plaintiff lacks the necessary medical expertise, is denied. As a non-expert witness, Plaintiff may testify as to matters in his personal

experience, including what happened to him, what he saw, how he felt, and any issues or feelings he has experienced, such as pain, relating to his medical needs or condition, including any current pain or issues.

**II.     Motion to Amend the Amended Pretrial Order**

As discussed at the hearing, Plaintiff's motion to amend the amended pretrial order is denied as moot. The Court will prepare a neutral statement of the case for the jury. In addition, Plaintiff is not precluded or prevented from presenting evidence as discussed with Defendant and the Court, even if not specifically listed in the amended pretrial order.

IT IS SO ORDERED.

Dated:   **August 16, 2017**                                   /s/ *Barbara A. McAuliffe*          
                                                              UNITED STATES MAGISTRATE JUDGE