# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ELLIS PORTER,<br><br>        Plaintiff,<br><br>    v.<br><br>C. WEGMAN,<br><br>        Defendant. | Case No. 1:10-cv-01500-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 192) |

      Plaintiff Brian Ellis Porter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is set for trial on August 29, 2017. Currently before the Court is Plaintiff's motion for appointment of counsel, filed August 16, 2017. (ECF No. 192.) Defendant has not yet responded to the request, but the Court finds no response necessary and that Defendant will not be prejudiced by the consideration of the motion absent her response. Local Rule 230(l).

      Plaintiff states that he is unable to afford counsel, has written to many law firms, attorneys, and prison rights advocates that have declined to take his case pro bono, and the complexity of this case extends beyond Plaintiff's ability to litigate as a lay person with limited access to a law library. Plaintiff contends that the expertise of an attorney is needed to address the defense of qualified immunity, to cross examine Defendant's expert witnesses, and to properly argue Plaintiff's position before a jury. Finally, Plaintiff seeks the appointment of

1

1  counsel because Defendant has failed to produce requested discovery documents within
2  Defendant's control.  (Id.)
3  　　　　As Plaintiff was previously informed, he does not have a constitutional right to appointed
4  counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on
5  other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
6  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist.
7  of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
8  request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at
9  1525.
10 　　　　Without a reasonable method of securing and compensating counsel, the Court will seek
11 volunteer counsel only in the most serious and exceptional cases.  In determining whether
12 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
13 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
14 complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).
15 　　　　The Court has considered Plaintiff's renewed motion for the appointment of counsel, but
16 does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not
17 well versed in the law and that he has made serious allegations which, if proved, would entitle
18 him to relief, his case is not exceptional.  This Court is faced with similar cases involving claims
19 of free exercise of religion filed by prisoners proceeding pro se and in forma pauperis almost
20 daily.  These prisoners also must conduct legal research and prosecute claims without the
21 assistance of counsel.
22 　　　　Plaintiff's assertions regarding the complexity of the legal issues in this case have been
23 taken into consideration.  Although Plaintiff believes that he will be unable to articulate the merits
24 of his case to a jury, the record indicates that Plaintiff has successfully prosecuted this action to
25 date, through summary judgment, appeal, and up to the eve of trial.  Plaintiff has filed numerous
26 motions throughout this action, and his papers generally have been coherent and organized.
27 Based on the record in this case, the Court does not find that Plaintiff is unable to articulate his
28 claims.

To the extent Plaintiff seeks appointment of counsel to rectify discovery disputes with Defendant, these issues were more appropriately raised through motions to compel filed before the close of discovery, not on the eve of trial. Indeed, Plaintiff filed an articulate and timely motion to compel production of the Religious Diet Request form submitted in 2008. (ECF No 109.) Plaintiff was well aware of the proper method of seeking relief regarding other documents not produced in response to his discovery requests. The Court finds Plaintiff's argument that his failure to obtain such documents was a result of his lack of counsel, first raised at this late date, unpersuasive.

Finally, Plaintiff has offered no argument addressing the likelihood of his success on the merits, and the Court cannot find that he meets that prong. Although the Court has determined Plaintiff has stated some claims which may proceed to trial, it has not determined that those claims have a likelihood of ultimately being successful.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel (ECF No. 192) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **August 19, 2017**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE